PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* LEONARDO ORTIZ CALDERÓN, Defendant and Appellant.

No. 3532.   Argued December 11, 1928.—Decided February 19, 1929.

*L. Tormes* and *F. Parra Toro* for the appellant.   *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The information before us, after due averments of time, place and the like, set up in effect that the defendant, Leonardo Ortiz Calderón, while he was driving a truck without due care, namely, without sounding a horn or warning, without using his emergency brake and going at an exaggerated speed, struck and killed Ramón Negrón. The case was tried by a jury, the defendant found guilty and sentenced to two years at hard labor.

The appellant discusses the first two assignments of error together and attacks the sufficiency of the information. Without any real argument, the defendant says that the information was deficient in not saying whether the place where the accident occurred was a frequented one, whether the traffic was great or not, whether the truck was equipped with a horn, a brake, etc., and whether the defendant negligently failed to use them. The defendant then proceeds to discuss what happened at the trial. If the automobile did not in point of fact have any of these devices for safety the negligence of the defendant was all the greater. The information might perhaps have been expressed differently or set up the grounds of negligence in separate counts, but the defendant made no complaint in this regard. The proximate cause of the accident was the speed which was maintained by the defendant up to the very moment of the accident. He did not have his truck under due control, as required by law. *People* v. *Francis,* 19 P.R.R. 659; *People* v. *Blandford,* 23 P.R.R. 580; *People* v. *Lebrón,* 23 P.R.R. 611.

Likewise we agree with the *fiscal* that the alleged objections were in the nature of defects of form and the defendant should have objected before the trial or should have asked for a bill of particulars. *People* v. *Paris,* 25 P.R.R. 103; *People* v. *Parkhurst,* 29 P.R.R. 856.

The conclusion that the defendant was not exercising due care, as set out in the information, was amply sustained by the evidence which tended to show that on the day of the accident the appellant was in charge of a truck going from Ponce to Aibonito; that upon approaching the latter city he met a funeral procession of a policeman; that there was quite a large crowd assembled and among them various policemen who had attended the ceremonies; that one or more of the policemen noticed that the truck was coming at a great rate of speed and without sounding an alarm; that one of the policemen tried to indicate to the defendant that he should halt his truck, but that despite his efforts the truck

continued to go at the same speed, and that when the defendant was close upon the crowd he veered to one side to attempt to avoid a collision, but that the truck nevertheless hit various persons and killed Ramón Negrón. The evidence of the government tended to show that the brake was in bad condition and even that the defendant had admitted to somebody that he knew the brake was in bad condition. Under these conditions there is no necessity of considering any assignments of error which refer directly to the evidence.

The third assignment of error relates to the failure of the court to instruct on certain features of the law of criminal negligence. At the request of the defendant the court gave certain instructions in regard thereto and at the close of the said instructions the defendant failed specifically to except, or to ask for additional instructions. We doubt if any error was committed, but if so it was waived. *People* v. *Boria,* 12 P.R.R. 166; *People* v. *Llauger,* 14 P.R.R. 534.

The defendant complained of certain instructions given by the court taken almost literally from the case of *People* v. *Blandford, supra.* That case perhaps specifically relates to the duties of a defendant passing people on the road going in the same direction, but it does in fact relate to the duties of a defendant generally when he is driving an automobile. The *fiscal* agrees that in the present case the people were coming in a different direction. The court and the appellant had each cited from the *Blandford Case* to justify their respective positions. The court automatically cited passages from the case that necessarily had no application. We do not find that the appellant suffered any prejudice from the mistaken citations. Mere superfluous words are not generally ground for assigning error.

The fifth assignment of error relates to the failure of the court to instruct the jury that the defendant, equally with travelers, had a right to expect that the travelers would give him a right of passage, or something to that effect. No one, however, has the right to travel on the road at an undue rate

of speed, and the facts of the case, so far as we can see them, did not call for a specific instruction and the court was justified in refusing the prayer.

The judgment should be affirmed.